**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| THERESA GARNER, *individually and on behalf of all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) Case No. 4:17-cv-01994 |
| vs. | ) ) ) |
| FAIR COLLECTIONS & OUTSOURCING, INC. | ) ) ) ) |
| Serve at: | ) **JURY TRIAL DEMANDED** |
|    Registered Agent Illinois Corporation Service C 801 Adlai Stevenson Drive Springfield, IL 62703 | ) ) ) ) ) |
| Defendant. | ) |

**COMPLAINT – CLASS ACTION**

Plaintiff Theresa Garner ("Plaintiff"), individually, and on behalf of all others similarly situated, through counsel, brings this Complaint against Defendant Fair Collections & Outsourcing, Inc. to secure redress against Defendants for unlawful collection practices that violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and states for her Complaint:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Defendant's acts and transactions aimed at Plaintiff occurred here; and b) Defendant transacts business in this District.

**PARTIES**

3. Plaintiff, Theresa Garner, is a natural person residing within Saint Louis County, Missouri from whom Defendant attempted to collect an alleged debt. She is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692d, and 1692k.

4. Defendant Fair Collections & Outsourcing, Inc. is a Maryland corporation with its principal offices at 12304 Baltimore Ave, Suite E, Beltsville, Maryland 20705. It does business as a debt collector in Missouri, among other places. Defendant is registered with the State of Maryland.

5. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions. Specifically, the alleged debt originated out of a purchase from John L Ziegenhein & Sons.

6. Defendant acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.

7. The principal business purpose of Defendant is the collect of debts in Missouri and elsewhere in the United States, and Defendant regularly attempts to collect debt alleged to be due another.

**FACTUAL ALLEGATIONS**

8. More than 5 years ago, Plaintiff fell behind on paying her bills, including a debt she allegedly owed for a John L Ziegenhein & Sons account.

9. Sometime after that debt became delinquent, Plaintiff learned, through counsel, that this debt was allegedly acquired by Defendant, which began trying to collect upon it by

sending her a form collection letter, dated February 9, 2017. A copy of this collection letter is attached as **Exhibit A**.

10. On or about February 9, 2017, Defendant mailed a collection letter to Plaintiff regarding an alleged debt owed to "John L Ziegenhein & Sons." A copy of the letter is attached to this complaint as **Exhibit A**.

11. Upon information and belief, **Exhibit A** is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, **Exhibit A** is a form debt collection letter used by Defendant to attempt to collect the alleged debt.

13. This letter repeatedly urged Plaintiff to pay the debt through a purported "limited time offer" of settlement, including a statement that:

\*\*\*

For a limited time only: CALL NOW AND SAVE 20% This office agrees to accept 20% off the amount due as settlement in full! Pay $4094.66 of your debt and it is gone! Call by 03/31/17 to take advantage of this offer.

\*\*\*

The letter then belatedly stated:

\*\*\*

The law may prevent the creditor from taking legal action on this account. We may, however, continue to credit report this account as permitted by law.

\*\*\*

See, attached **Exhibit A**.

14. Indeed, Defendant's "limited time" settlement offer in **Exhibit A** is believed not to actually have been time-bound.

15. The debt was time-barred, and thus, paying any portion of the debt would not "save" the Plaintiff any money. In fact, Defendant <u>could</u> not sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Missouri, namely Mo. Rev. Stat. § 516.120(1) (five years from the date of the last payment/statement).

16. The failure of Defendant to disclose that Defendant could not sue over the debt is material. The lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe they may be sued over the debt, and that the debt needed to be settled and/or would result in the alleged savings.

17. The failure of Defendant to disclose the fact that a payment or promise to pay could restart some statutes of limitations is material. This lack of a proper disclosure leaves consumers such as Plaintiff with deceptively one-side information that could make an unsophisticated debtor such as Plaintiff who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment, when in fact, this is not true, because a payment or promise to pay a time-barred debt could restart the statute of limitations.

18. Plaintiff never entered any agreement consenting to arbitrate disputes between himself and Defendant or waiving his right to a trial by jury.

19. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

20. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

21. Defendant's conduct has caused Plaintiff to suffer damages including and as a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff also has suffered shame, anxiety, emotional distress, fear, frustration, and embarrassment.

22. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

23. Specifically, Section 1692g dictates that "[a]ny collection activities and communication during the 30-day period [i.e., the "validation period"] may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). During 2006, Congress amended 15 U.S.C. § 1692g to expressly prohibit overshadowing "collection activities," such as statements by debt collectors to consumer via telephone during the validation period.

24. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to

enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

25. Here, Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

26. Plaintiff's injury-in-fact is fairly traceable to the challenged conduct of Defendant.

27. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision against Defendant in this Court.

28. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000) (citing *Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994)).

## COUNT I: VIOLATION OF THE FDCPA

29. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

30. In its attempts to collect the alleged debt from Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 *et. seq*, including but not limited to the following:

   a. Using false, misleading, and deceptive means while attempting to collect debts by representing the Exhibit A extended a take-it-or-leave-it settlement offer "for a limited time only," when in fact no such deadline actually existed, in violation of 15 U.S.C. §§ 1692e, (2)(A), & (10);

   b. Using false, misleading, and deceptive means while attempting to collect time-barred debts by failing to disclose within Defendant's form letter represented in Exhibit A that no lawsuit could be filed against consumers such as Plaintiff because

      the debt at issue was time-barred, in violation of 15 U.S.C. §§ 1692e, (2)(A), & (10);

  c. Using false, misleading, and deceptive means through Defendant's attempt to collect time-barred debts, in violation of 15 U.S.C. §§ 1692e, (2)(A), & (10) with the form letter represented in Exhibit A because Defendant's omission of the fact that a payment or promise to pay could restart some statutes of limitations would be objectively misleading and deceptive to an unsophisticated debtor such as Plaintiff who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment; and

  d. Using false, misleading, and deceptive means while attempting to collect time-barred debts by purporting to offer "savings" to consumers such as Plaintiff even though the debt at issue was time-barred, in violation of 15 U.S.C. §§ 1692e, (2)(A), & (10).

31. Each of Defendant's violations of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

32. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class.

33. The class consists of (i) all persons with addresses in the State of Missouri (ii) to whom initial communication letters were sent by Defendant in the form of Exhibit A (iii) from whom Defendant attempted to collect a delinquent, time-barred consumer debt, allegedly owed for a John L Ziegenhein & Sons account via the same form collection letter (Exhibit A) (iv) in an attempt to collect a debt incurred for personal, family, or household purposes, (v) during the one year period prior to the filing of the Complaint in this action through the date of certification.

34. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

35. Defendant regularly engages in debt collection, using the same form collection letter they sent Plaintiff, in their attempts to collect delinquent consumer debts from other consumers.

36. The class is so numerous that joinder of all members is impractical.

37. The Class consists, upon information and belief, of more than 40 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Garner.

38. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

40. Plaintiff will fairly and adequately protect and represent the interests of the Class. Moreover, Plaintiff has retained counsel experienced in handling claims involving unlawful collection practices and class actions. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

41. A class is an approximate method for fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

42. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

**WHEREFORE**, Plaintiff Theresa Garner, individually and on behalf of all others similarly situated prays that this Court:  respectfully requests a judgment be entered by this Court in favor of Plaintiff, and against Defendant, finding that Defendant violated the FDCPA and awarding Plaintiff relief, including:

a. Certify this action as a class action;

b. Appoint Plaintiff Garner as Class Representative;

c. Find that Defendant's form collection letter violates the FDCPA;

d. Enter judgment in favor of Plaintiff Garner and the Class, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a); and

e. Grant such other or further relief in Plaintiff's favor as deemed just and proper.

## JURY DEMAND

Plaintiff, Theresa Garner, individually and on behalf of all others similarly situated, demands a trial by jury on all Counts so triable.

DATED:  July 18, 2017                                  Respectfully Submitted,

                                                **STURYCZ LAW GROUP**

By:     /s/ Nathan D. Sturycz
       Nathan D. Sturycz, #61744MO
       100 N. Main, Suite 11
       Edwardsville, IL  62025
       Phone: 877-314-3223
       Fax: 314-667-2733
       nathan@sturyczlaw.com
       *Attorney for Plaintiff*